UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| A.B., a minor, b/n/f LISA ARNETT ) <br> and LISA ARNETT, Individually, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PARC PIGEON FORGE, LLC. ) <br> d/b/a NASCAR SPEED PARK, ) <br>     Defendant. ) | No. 3:10-CV-376 <br> (Phillips) |

## MEMORANDUM AND ORDER

This matter is before the court on the plaintiffs' motion to amend complaint and to remand to state court [Doc. 5]. Defendant has responded in opposition [Doc. 7]. For the reasons which follow, plaintiffs' motion will be granted as to the motion to amend, and denied as to the motion to remand.

Plaintiffs originally brought this action in the Circuit Court for Sevier County, Tennessee, alleging that plaintiff A.B., a minor, sustained personal injuries while riding in one of defendant's go-carts. In the complaint, plaintiff A.B. seeks $100,000 in damages and plaintiff Lisa Arnett seeks $30,000 damages. Defendants removed the original action to this court on August 26, 2010, on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

**Motion to Amend**

Plaintiffs have moved to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to reduce their prayer for damages to $25,000 for A.B. and $15,000 for Lisa Arnett. In support of the motion, plaintiffs state that "when the complaint was initially drafted the diagnosis of reflex sympathetic dystrophy had been made and permanent disability for A.B., a minor child, was possible. If permanent disability had resulted then the potential for a judgment of $75,000 or more existed. Fortunately her treating physician has opined that she will have no permanent impairment. Under the circumstances now existing, a large judgment seems remote."

Leave to amend a complaint shall be "freely given when justice so requires." Fed.R.Civ.P. 15(a). Accordingly, the court finds plaintiffs' motion to amend the complaint well-taken, and plaintiffs' motion is hereby **GRANTED.**

**Motion to Remand**

Plaintiffs aver that if leave is given by the court to amend their complaint to reduce the request for damages below the jurisdictional limit, then remand to state court is proper based upon lack of statutory jurisdiction. The court finds plaintiffs' motion to remand is not well-taken.

The Sixth Circuit has recognized a rule that the determination of federal jurisdiction in a diversity case is made as of the time of removal. *Rogers v. Wal-Mart*

*Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). "Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Id.* at 872. *See also St. Paul Mercury Indemnity C. v. Red Cab Co.,* 303 U.S. 283, 284 (1938) ("Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached"); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 ("A case such as this one is more closely analogous to cases in which a later event, say, the change in the citizenship of a party or a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction. In such cases, federal court will keep a removed case").

Based on the foregoing, it is clear that plaintiffs' post-removal amendment would not divest the court of jurisdiction. Accordingly, plaintiffs' motion to remand this action to state court is hereby **DENIED.**

## Conclusion

For the foregoing reasons, plaintiffs' motion to amend complaint [Doc. 5] is **GRANTED**. Plaintiffs are **DIRECTED** to file their amended complaint with the clerk within fifteen (15) days of the date of this order. Plaintiffs' motion to remand this action to state court is hereby **DENIED.**

**IT IS SO ORDERED.**

                                            **ENTER:**

                                            <u>     s/ Thomas W. Phillips     </u>
                                                  United States District Judge